# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

BOBBY JAMES MOSLEY, JR.,      )
                         )
       **Plaintiff,**           )
                         )
**v.**                          )       NO.  3:20-cv-00950
                         )       **JUDGE TRAUGER**
**JANE DOE,**             )
                         )
       **Defendant**        )

## ORDER

In a previous action before this court, the court found it necessary to sanction the plaintiff for abusive litigation "in complete disregard of the court's previous warning." Order at 1–2, *Mosley v. Doe*, No. 3:18-cv-00411 (M.D. Tenn. Sept. 27, 2018).  Specifically, the court ordered that any further post-judgment submissions from the plaintiff in that case, other than a notice of appeal, would be filed as a new matter, subjecting the plaintiff to a new filing fee. *Id.* at 2.  The court also cautioned the plaintiff that, because of his history of meritless litigation, he would be barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis in any future action that did not allege that he was in imminent danger of serious physical injury. *Id.* at 3 and n.1.

The plaintiff subsequently submitted a "Motion to Take Notice of Plain Error," which—pursuant to the court's previous order—was filed as the initial pleading in this new action. (Doc. No. 1.)  That filing again asserted the claim—which the court had repeatedly explained was unfounded—that the plaintiff is entitled to release from incarceration because law enforcement records indicate that the investigation into the crimes for which he was charged was "cleared" by his arrest. (Doc. No. 1 at 2.) The filing also asserted that the plaintiff had previously been

hospitalized as a result of misadministration of medication in jail, but it did not allege any facts suggesting that the plaintiff was in imminent danger of serious physical injury. (*Id.*)

Accordingly, on November 9, 2020, the court found that the plaintiff was barred by 28 U.S.C. § 1915(g) from proceeding without full payment and gave him 30 days to pay the filing fee. (Doc. No. 3.) The court expressly warned the plaintiff that failure to pay, or to seek an extension of time to do so, within 30 days would result in dismissal of this action for failure to prosecute and assessment of the fee against his inmate trust account. (*Id.* at 2–3.)

More than 55 days have now passed without payment from the plaintiff. Instead, the plaintiff has filed yet another "notice pleading" in which he again asserts the same "cleared by arrest" claim the court has repeatedly found meritless. (Doc. No. 4.) He seeks an injunction requiring his immediate release and money damages. (*Id.* at 2.) That request is **DENIED** as frivolous.

Because the plaintiff has failed to comply with this court's order and to take the necessary steps to prosecute this action, this matter is **DISMISSED** without prejudice. The court is required to assess the filing fee against prisoner plaintiffs in this circumstance. *See In re Alea*, 286 F.3d. 378, 381–82 (6th Cir. 2002) ("Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair."). Accordingly, the entire $400 civil filing fee[1] is hereby **ASSESSED**, as follows:

The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a)

---

[1]    Title 28 U.S.C. § 1914 requires a civil filing fee of $350.00 plus "such additional fees ... as are prescribed by the Judicial Conference of the United States." § 1914(a) and (b). At the time the plaintiff filed the pleading that initiated this action, the administrative fee prescribed by the Judicial Conference for filing a civil action was $50, bringing the total to be collected from inmates not authorized to proceed in forma pauperis to $400. As of December 1, 2020, the administrative fee was increased to $52, so any future cases initiated by the plaintiff will incur a $402 total collection unless he is granted pauper status.

2

20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of the facility where the plaintiff is now housed to ensure that the custodian of his inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

3